IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS JOHNSON, | ) |
| | ) |
| Movant, | ) |
| | ) Civil No. 08-00749-CV-W-GAF-P |
| vs. | ) Crim. No. 04-00276-01-CR-W-GAF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Presently before the Court is Movant Thomas Johnson's ("Johnson") Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. #1). Johnson seeks relief from his sentence on the ground of ineffective assistance of counsel. *Id.* For the following reasons, Johnson's Motion is **DENIED**.

### I. Factual and Procedural Background

The Government accurately recites the case history as follows:

In July 2005, Johnson was convicted by a jury in the Western District of Missouri of: (1) Conspiracy to possess with intent to distribute 50 grams or more of cocaine base; (2) possession with intent to distribute 50 grams or more of cocaine base; and (3) possession with intent to distribute marijuana. Johnson was sentence to two statutory mandatory life sentences as a result of these crimes, pursuant to the provision of 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(A)(iii).

Prior to the jury trial, on June 29, 2005, the Government filed an information, pursuant to 21 U.S.C. § 851, which alleged that Johnson had two prior felony drug convictions. The information alleged that Johnson had been convicted on July 19, 1999, in Jackson County, Missouri, of distribution, delivering, or manufacturing a controlled substance. The information increased the minimum statutory punishment from 10 years' imprisonment to life imprisonment, pursuant to § 841(b)(1)(A)(iii).

Johnson appealed, arguing the evidence was insufficient to sustain his conviction. [*United States v. Johnson*, 470 F.3d 1234, 1237 (8th Cir. 2006)]. On December 7,

1

2006, Johnson filed for rehearing *en banc*, which was denied by the Eighth Circuit on January 25, 2007. *Id.* at 1240. Johnson also sought a writ of certiorari, which was denied by the Supreme Court on October 1, 2007. *Johnson v. United States*, 128 S. Ct. 227 (2007).

(Doc. #6).

Johnson has set forth six (6) alleged grounds for granting his Motion: (1) his trial counsel was ineffective for withdrawing a motion to suppress; (2) his trial counsel and appellate counsel were ineffective for failing to object to and appeal the use of a case agent as an expert concerning drug trafficking and/or moving to sequester that expert from hearing other witnesses testify; (3) his appellate counsel was ineffective for failing to argue on appeal that the district court erred in admitting prior convictions under Fed. R. Evid. 404(b); (4) his appellate counsel was ineffective for failing to argue that a life sentence was in conflict with the provisions of 18 U.S.C. § 3553(a); (5) his appellate counsel was ineffective for failing to argue on appeal that application of the statutory mandatory minimum life sentence under 21 U.S.C. § 841(b)(1)(A) constituted cruel and unusual punishment; and (6) his trial counsel was ineffective for failing to deny the existence of his two prior felony drug convictions. (Doc. #1).

## II. Legal Standards

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the applicable general standards for reviewing allegations of ineffective assistance of counsel. Under *Strickland*, a movant must demonstrate that his "counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quotations and citations omitted). This analysis contains both a performance prong and a prejudice prong:

2

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," *Strickland*, 46 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decision. *Id.* at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'"

*Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992) (quoting *Strickland*, 466 U.S. at 694). Failure to satisfy either prong is fatal to the claim. *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 2000).

Claims of ineffective appellate counsel are examined under *Strickland* in the same manner as claims of ineffective assistance of trial counsel. *See Henderson v. Sargent*, 925 F.2d 706 (8th Cir. 1991). One function of appellate counsel is to eliminate weak claims. *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998). Thus, appellate attorneys are not ineffective simply by failing to present arguments that have already been rejected on numerous occasions or are otherwise without merit. *See Kitt v. Clarke*, 931 F.2d 1246, 1250 (8th Cir. 1991). Similarly, an appellate counsel's decision to forego raising issues that are reviewed only for plain error does not give rise to a claim of ineffective assistance of counsel. *See Reese v. Delo*, 94 F.3d 1117, 1185 (8th Cir. 1996).

**III. Discussion**

**A. Withdrawal of the Motion to Suppress**

Johnson's claim that trial counsel was ineffective because he withdrew the Motion to Suppress is without merit. The facts indicate police were investigating a potential automobile collision when they approached Johnson's vehicle, at which time Johnson exited the car and began to run. *Johnson*, 470 F.3d at 1236. Police caught Johnson. *Id*. When they checked his identity police learned he had outstanding warrants and placed him under arrest. *Id.* A search incident to

3

arrest revealed Johnson was carrying 37 small bags of marijuana, and an inventory search of the car revealed a bag containing 57.30 grams of crack cocaine under the driver's seat. *Id.*

Based on these facts, no law supports Johnson's claim that "a reasonable chance exists" that the district court would have granted the Motion to Suppress had it not been withdrawn. Police were lawfully investigating an accident when they saw Johnson flee from the suspected scene. Seeing Johnson flee the scene, at the very least, gave rise to reasonable suspicion sufficient to justify stopping him since police had reason to believe he was attempting to flee the scene of an accident, which is a crime under Mo. Rev. Stat. § 577.060. *See Terry v. Ohio*, 392 U.S. 1 (1968). All subsequent events lawfully flowed from that stop. Thus, Johnson's first claim fails.

**B.      Expert Testimony of Case Agent and His Presence in the Courtroom**

Johnson has not provided any case law that suggests it is improper for a case agent to testify as an expert witness when he or she possesses the requisite knowledge. To the contrary, it is rather commonplace. Therefore, Johnson has not met his burden of proving ineffective assistance of counsel for his second claim.

Johnson has also failed to provide any support for his position that it is improper for a testifying case agent to remain present in a courtroom during a trial in which he or she will testify. Johnson has failed to demonstrate the verdict would have been different in any way if the case agent at issue been instructed to remain outside the courtroom unless testifying. Hence, this claim also fails.

**C.      Rule 404(b) Evidence**

Johnson's claim that his appellate counsel was constitutionally ineffective by failing to argue the district court erred in admitting evidence of his prior drug convictions is without merit. One job

4

of an appellate counsel is to separate the most viable and strongest arguments from weaker arguments that are without merit. *See Reese*, 94 F.3d at 1185. The Eighth Circuit has consistently held Rule 404(b) is a rule "of inclusion, permitting admission of other crimes, wrongs or bad acts material to an issue at trial." *United States v. Rolett*, 151 F.3d 787, 791 (8th Cir. 2008). In Johnson's case, the district court had discretion to admit evidence of the prior convictions. The fact that those prior convictions were for crimes very similar to those Johnson was on trial for only bolsters the district court's decision to allow the evidence. Johnson's appellate counsel's decision to forego arguing it was error to admit the prior convictions does not constitute ineffective assistance. Given the facts, it seems highly unlikely such an argument would have been meritorious. For these reasons, Johnson's third claim fails.

**D.     The Effect of 18 U.S.C. § 3553(a)**

Johnson's claim that his trial counsel was ineffective for failing to argue that a life sentence was contrary to 18 U.S.C. § 3553(a) is without merit. Section 3553(a) requires that a sentence not be greater than necessary to accomplish sentencing goals. Case law is clear, however, that § 3553's reasonableness review is not applicable when a statutory provision requires a mandatory life sentence. *See United States v. Freemont*, 513 F.3d 884, 890 (8th Cir. 2008) ("[N]either *Booker*, *Gall*, nor § 3553(a) affect a statutory minimum sentence"); *see also United States v. Gregg*, 451 F.3d 930, 937 (8th Cir. 2006) (reasoning statutory sentences pursuant to § 841(b)(1) are not subjected to "reasonableness" under the guidelines). Johnson's position being contrary to clearly established law, it cannot be said his counsel was ineffective by failing to present it. Thus, Johnson's fourth claim fails.

5

### E. Cruel or Unusual Punishment

Johnson's claim that he received ineffective assistance because his appellate counsel failed to argue imposition of the mandatory minimum penalty of life imprisonment constituted cruel or unusual punishment in violation of the Eighth Amendment is without merit. Courts have routinely upheld the constitutionality of sentences imposed under § 841(b)(1)(A)(iii). *See United States v. Mendoza*, 876 F.2d 639, 640-41 (8th Cir. 1989) (holding mandatory minimum penalties for drug offenses do not constitute cruel or unusual punishment prohibited by the Eighth Amendment); *See also United States v. Richard*, 872 F.2d. 253, 255 (8th Cir. 1989) (noting that sentences falling within the range provided by statute are generally not reviewable by appellate courts). In fact, no case could be found where a court overturned a sentence that fell within the statutory guideline range because of a violation of the Eighth Amendment. Therefore, Johnson's appellate counsel had no duty to argue this point, and Johnson cannot prove the decision of the appellate court would have differed if such an argument had been made. For these reasons, Johnson's fifth claim fails.

### F. Failure to Deny or Challenge Prior Convictions

Johnson's sixth and final argument, i.e., that his trial counsel was ineffective because he failed to deny or otherwise challenge the information filed by the Government alleging two prior felony drug convictions, is without merit. Johnson simply fails to set forth any plausible grounds for denying the prior convictions. Johnson does not deny the accuracy of the information, but argues that his counsel should have. Further, Johnson argues the jury should have determined the validity of his prior convictions. However, this position is contrary to the procedures explicitly set forth in 21 U.S.C. § 851(c)(1), which instructs the judge to decide such matters.

Johnson has failed to set forth any legitimate grounds for denial of the information of prior convictions; thus, he has failed to demonstrate any probability his counsel's performance fell below an objective standard of reasonable competence or that the result of his trial would have been different had his counsel objected to this evidence. Therefore, Johnson's sixth and final claim fails.

## G.  Evidentiary Hearing

Johnson has requested an evidentiary hearing on the issues presented in the present Motion. However, where the motion, files, and record in a case conclusively demonstrate a movant is not entitled to relief, a district court need not hold an evidentiary hearing. *United States v. Regenos*, 405 F.3d.691, 694 (8th Cir. 2005). As demonstrated above, Johnson has failed to prove any of his ineffective assistance of counsel claims have merit. Nothing in the case files, record, or Johnson's Motion supports the position that Johnson is entitled to the relief sought. Therefore, Johnson's request for an evidentiary hearing is DENIED.

## H.  Certificate of Appealability

Under 28 U.S.C. § 2253(c), a district court should issue a Certificate of Appealability ("COA") only if a movant has "made a substantial showing of the denial of a constitutional right." If a district court rejects a movant's constitutional claims on the merits, "the showing required to satisfy § 2255(c) is straightforward: The [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, as discussed above, the Court finds no merit to Johnson's constitutional claims. There is insufficient evidence for a reasonable jurist to reach a contrary conclusion. Thus, a COA is unnecessary and shall not issue in this case.

## **CONCLUSION**

Johnson has failed to demonstrate that he was prejudiced by constitutionally ineffective assistance of counsel. None of Johnson's claims have merit. Therefore, for these reasons and those set forth above, Johnson's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: November 18, 2009